<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 22, 2026

John F. Romano, Esq.
United States Attorney's Office
District of New Jersey
970 Broad Street
Newark, NJ 07102
*Counsel for Plaintiff*

John E. Jackson, BOP # 65372-050
FCI Coleman-LOW
PO Box 1031
Coleman, FL 33521
*Pro Se Defendant*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:  *United States v. John E. Jackson*, Crim. No. 13-00290 (SDW)**

Counsel:

Before this Court is Defendant John E. Jackson's ("Defendant") Motion to Receive Jail-time Credits. (D.E. 549.)  This Court finds that, having considered all relevant submissions, and for the reasons set forth herein, Defendant's Motion is **DENIED**.

## I.  <u>DISCUSSION</u>

This Court writes only for the parties and accordingly incorporates the background sections from its letter opinions dated August 7, 2023, and September 15, 2023. (D.E. 500 at 1–3 ("August 7 Opinion"); D.E. 516 at 1–3 ("September 15 Opinion").)   Defendant challenges the calculation of his federal term of imprisonment by the Bureau of Prisons ("BOP").  Specifically, Defendant contends that his eighteen (18) months of home confinement constituted a term of incarceration and therefore he is entitled to jail-time credit for those eighteen (18) months. (D.E. 549.)  In response, the Government asserts that Defendant's Motion is meritless and that this Court lacks jurisdiction to consider it.  (D.E. 550.)

As a preliminary matter, this Court notes that it lacks jurisdiction to consider Defendant's Motion. Although Defendant cites to the summary judgment standard for the relief he requested, Defendant is clearly seeking relief under 28 U.S.C. § 2241; as he is challenging the execution of his sentence and not the sentence itself. It is well established that "28 U.S.C. § 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Importantly, a petition brought under 28 U.S.C. § 2241 must be filed in the district in which the petitioner is imprisoned. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). Accordingly, this Court lacks jurisdiction because Defendant must file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in his district of confinement, which is the Middle District of Florida.

This Court also lacks jurisdiction because "credit awarded for time served in detention for the same offense for which the defendant is ultimately sentenced, may only be calculated by the BOP." *Ruggiano v. Reish*, 307 F.3d 121, 132 (3d Cir. 2002). This Court does not have the authority to award "credit" in such circumstances. *Id.* Moreover, even if this Court had jurisdiction, Defendant's Motion is still denied for the reasons stated at the time of resentencing on October 30, 2023. (*See* D.E. 533 ("Resentencing Transcript").) At the time of resentencing, this Court made it clear that Defendant had not served any term of incarceration. (*Id.* at 165.) Therefore, Defendant's Motion is denied.

## II.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **DENIED.** An appropriate order follows.

 

 

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:      Parties